# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 30, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| RALPH MUELLER, | * | No. 17-1318V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Stipulation for Award; Influenza ("flu") |
| AND HUMAN SERVICES, | * | Vaccine; Tetanus-Diphtheria-Acellular |
| | * | Pertussis ("Tdap") Vaccine; Guillain-Barré |
| Respondent. | * | Syndrome ("GBS") |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

<u>Ronald C. Homer</u>, Conway, Homer, PC, Boston, MA, for Petitioner.
<u>Robert P. Coleman, III</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On September 25, 2017, Ralph Mueller ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the influenza ("flu") vaccine he received on October 31, 2014, and the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine he received on December 2, 2014, caused him to develop Guillain-Barré syndrome ("GBS"). *See* Stip. at 1, ECF No. 39.

On July 26, 2019, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner. *Id.* at 2. Respondent denies that the flu vaccine or the Tdap vaccine caused Petitioner's alleged GBS, or any other injury. *Id.* Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the Internet.** As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

The parties stipulate that Petitioner shall receive the following compensation:

> **A lump sum of $90,000.00 in the form of a check payable to [P]etitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

*Id.*

I approve the requested amount for Petitioner's compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RALPH MUELLER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 17-1318V (ECF) ) Special Master Sanders |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) |
| Respondent. | ) ) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Ralph Mueller ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza and tetanus-diphtheria-acellular pertussis ("Tdap") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the influenza vaccine on or about October 31, 2014.

3. Petitioner received the Tdap vaccine on or about December 2, 2014.

4. The vaccines were administered within the United States.

5. Petitioner alleges that as a result of receiving the influenza and Tdap vaccines, he suffered from Guillain-Barré Syndrome ("GBS").

6. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of his condition.

7. Respondent denies that petitioner sustained a Table GBS injury, and denies that petitioner suffered any injury as a result of either the influenza or Tdap vaccines administered on or about October 31, 2014, and December 2, 2014, respectively.

8. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 9 of this Stipulation.

9. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), respondent will issue the following vaccine compensation payment:

> A lump sum of $90,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

10. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the Special Master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

11. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et. Seq.)), or entities that provide health services on a pre-paid basis.

y

z

12. Payments made pursuant to paragraph 9 of this Stipulation, and any amount awarded pursuant to paragraph 10, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

14. In return for the payment described in paragraph 9, and any amount awarded pursuant to paragraph 10, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors, and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the influenza vaccine administered on or about October 31, 2014, or the Tdap vaccine administered on December 2, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about September 25, 2017, in the United States Court of Federal Claims as petition No. 17-1318V.

15. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the Special Master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 10 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine or the Tdap vaccine caused petitioner to suffer GBS or any other injury.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*/s/ Ralph Mueller*
RALPH MUELLER

**ATTORNEY OF RECORD FOR PETITIONER:**

*Ronald C. Homer by Meredith Daniels*
RONALD C. HOMER  (Rule 83.1(c)(2))
Conway Homer, P.C.
16 Shawmut Street
Boston, MA 02116
(617) 695-1990

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Catharine E. Reeves*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Ward Sorensen for*
TAMARA OVERBY
Acting Director, Division of Vaccine
Injury Compensation (DVIC)
Healthcare Systems Bureau, U.S. Department
Of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: July 26, 2019

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Robert P. Coleman III*
ROBERT P. COLEMAN III
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-0274